# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ryan M. Larson,                                    Civ. No. 17-63 (PAM/LIB)

                        Plaintiff,

v.

John L. Sanner, Stephen P. Lehmkuhl,
Pam Jensen, Andrew Rose, Janelle P.
Kendall, Stearns County, Don
Gudmundson,

                        Defendants.
_____                   **MEMORANDUM AND ORDER**

Ryan M. Larson,                                    Civ. No. 18-2957 (PAM/LIB)

                        Plaintiff,

v.

Bruce P. Bechtold, Jon F. Lentz,
Dennis J. Kern, Joe G. Lichy,
Dan D. Miller,

                        Defendants.

_____

       This matter is before the Court on Defendants' Motions for Summary Judgment

(Sanner Docket No. 210, Bechtold Docket No. 34) and Daubert Motion (Sanner Docket

No. 204).[1]

_____

[1] Larson also filed what he called a "Motion for Summary Judgment," but it was in fact a
request for another stay. The Court declines to grant Larson's request.

## BACKGROUND

These cases arise out of Larson's arrest for the murder of Cold Spring Police Officer Tom Decker in Cold Spring, Minnesota, on November 29, 2012. The shooting took place in the parking lot of a bar, above which Larson rented a room. It just so happened that Officer Decker was in the parking lot because the Cold Spring Police had received a call from Larson's family that Larson could be suicidal, and that he owned weapons. Nearly simultaneously, Larson's ex-girlfriend had also contacted the Wright County Sherriff's Office, reporting that Larson had violated her restraining order against him by sending threatening text messages. When Officer Decker arrived on the scene to check on Larson, he was shot and killed.

In the minutes that followed, police entered Larson's room and arrested him, suspecting that he was the shooter. He was held in the Stearns County Jail for five days and then released. Law enforcement stated at the time that although there was not probable cause to further detain Larson, there was probable cause to arrest him in the first instance.[2]

Larson claims that Defendants unlawfully entered his apartment, unlawfully searched and destroyed his property, and falsely arrested, maliciously prosecuted, defamed, and retaliated against him. He also seeks to hold Stearns County liable for the individual Defendants' conduct.

---

[2] Ultimately, the police determined that Eric Thomes, another Cold Spring man, was likely the shooter.

**DISCUSSION**

**A.    Summary Judgment**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party."  Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  When evaluating an unopposed motion for summary judgment, the Court must still determine whether "the moving party is entitled to judgment as a matter of law."  Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993).

Defendants raise the affirmative defenses of qualified and absolute immunity, and ask for summary judgment all claims.

**1.    Qualified Immunity**

Qualified immunity protects public officials from suit unless "their conduct . . . violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To evaluate whether an officer is entitled to qualified immunity, the Court must determine whether the facts

alleged "make out a violation of a constitutional right." Pearson v. Callahan, 555 U.S. 223, 232 (2009). The Court must also determine whether the right at issue was "clearly established" at the time of the alleged misconduct. Saucier v. Katz, 533 U.S. 194, 201 (2001). Thus, a police officer is "entitled to summary judgment based on qualified immunity unless (1) the evidence, viewed in the light most favorable to the nonmoving party, establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation." Capps v. Olson, 780 F.3d 879, 884 (8th Cir. 2015).

Defendants in both cases assert that they are entitled to qualified immunity because they did not violate Larson's rights, and in any event the rights he claims were not clearly established. Larson cites no case to rebut their qualified immunity defense, nor does he provide any explanation of a clearly established constitutional violation or even contend that Defendants' actions were unlawful. Defendants' entrance into Larson's apartment, and the subsequent arrest, searches, and detention comported with the Fourth Amendment. And Larson has not established that Defendants' statements to the press violated his constitutional rights.

### 2. Prosecutorial Immunity

"Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are intimately associated with the judicial process." Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir. 2006) (quotation omitted). Prosecutors are immune from "actions connected with initiation of prosecution, even if those actions are patently improper." Williams v. Hartje, 827 F.2d 1203, 1208 (8th

Cir. 1987). But purely administrative or investigative actions are entitled to qualified, not absolute, immunity. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993). Prosecutorial immunity applies even if the plaintiff alleges "malice, vindictiveness, or self-interest." <u>Reasonover v. St. Louis Cty., Mo.,</u> 447 F.3d 569, 580 (8th Cir. 2006).

Larson's claims against Janelle Kendall, Stearns County Attorney, are barred. The actions Larson complains of are entitled to absolute immunity, or in any event qualified immunity. Kendall is entitled to absolute immunity for approving search warrant applications and applying to extend Larson's detention, because she was acting as an officer of the court. And as with the officers' statements to the press, Larson failed to show that Kendall's statements to the media violated his constitutional rights. As with qualified immunity, Larson does not rebut the absolute-immunity defense in any way.

Based on the submissions and the parties' arguments at the hearing, the Court concedes that Defendants are entitled to immunity. Defendants' Motions for Summary Judgment are granted.[3]

---

[3] Additionally, Larson's First Amendment retaliation claim is unfounded. Defendants did not return Larson's firearms because he has a felony record and is barred from owning firearms under Minn. Stat. § 624.713. (Crim. R. (Docket No. 21-8) at 2-4.) Defendants released his felony juvenile records in response to an information request, because the records were public information. Minn. Stat. § 260B.163, subd. 1. And Defendants did clear Larson's name. (News Release (Docket No. 216-6) at 2.) Larson provides no evidence to support his claim that Defendants retaliated against him.

**B.**     **<u>Daubert</u> Motion**

Defendants move to exclude the testimony of Chris Anderson, Larson's expert witness (<u>Sanner</u> Docket No. 204), arguing that that he is unqualified and that his opinion is unreliable and irrelevant.  Larson did not respond to this Motion.

The Supreme Court has assigned district courts with the role of gatekeeper to ensure that only relevant and reliable expert testimony is admitted under Fed. R. Evid. 702. <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 589 (1993).  To determine reliability, the Court should examine (1) whether the theory or technique "can be (and has been) tested," (2) whether it "has been subjected to peer review and publication," (3) "the known or potential rate of error," and (4) whether the theory or technique has been generally accepted.  <u>Id.</u> at 592-94.  The Court should exclude an expert witness "only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury." <u>Larson v. Kempker</u>, 414 F.3d 936, 941 (8th Cir. 2005) (quotation omitted).

Anderson is a consultant who manages the online reputations of his clients.  He conducted an internet search on Larson and the search results contained stories related to the murder.  His report explains that Larson's online reputation was damaged, and that he could "clean up the damage" to Larson's online reputation for $1,530,000.  (Expert Rep. (Docket No. 207-1) at 16.)  But Anderson's method to search for Larson online is not scientific or testable, as he conceded that internet-search results vary based on browsing history and "all kinds of stuff."  (Anderson Dep. (<u>Sanner</u> Docket No. 207-2) 40:20-25).)

Moreover, a jury understands how to conduct an internet search. Defendant's <u>Daubert</u> Motion is granted.[4]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.     Defendants' Motions for Summary Judgment (<u>Sanner</u> Docket No. 210, <u>Bechtold</u> Docket No. 34) are **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice**;

2.     Defendants' <u>Daubert</u> Motion (<u>Sanner</u> Docket No. 204) is **GRANTED**; and

3.     Plaintiff's Motion for Summary Judgment (<u>Sanner</u> Docket No. 234) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  <u>November 13, 2019</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge

---

[4] Although Larson submitted another expert report at the hearing, the Court will not consider it.